Case 4:20-cv-03553   Document 10   Filed on 12/04/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUSTIN AUGUSTUS STEPHENS, §
Inmate #305591, §
 §
    Plaintiff, §
 §
v. § CIVIL ACTION NO. H-20-3553
 §
CITY OF HOUSTON, HOUSTON §
POLICE DEPARTMENT, and §
SHERIFF ED GONZALEZ, §
 §
    Defendants. §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Justin Augustus Stephens (Inmate #305591; former SPN #02258243), has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) regarding his arrest by officers employed by the City of Houston Police Department. Because the plaintiff is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Public records reflect that Stephens is presently in custody at the Montgomery County Jail on charges of theft and evading arrest in Montgomery County Cause Nos. 20-07-07967 and 20-07-07969.[1] Invoking 42 U.S.C. § 1983, Stephens now sues the City of Houston, the Houston Police Department ("HPD"), and Harris County Sheriff Ed Gonzalez, alleging that he was falsely arrested without a warrant and charged with theft by HPD officers on October 10, 2018.[2] Stephens discloses that the officers arrested him for stealing one bottle of beer from a Fiesta grocery store after reviewing video in an upstairs room at the store.[3] As a result of that arrest, Stephens was taken to the Harris County Jail and subsequently released on bond.[4]

According to Stephens, felony theft charges were filed against him in Cause No. 1608271 in the 351st District Court of Harris County, Texas.[5] Stephens reports that these theft charges

---

[1]See Montgomery County Jail Roster, available at: http://jailroster.mctx.org (last visited April 22, 2019).

[2]Complaint, Docket Entry No. 1, pp. 4-5. All page numbers for docket entries in the record refer to the pagination imprinted at the top of the page by the court's electronic filing system, CM/ECF.

[3]Id. at 4, 5.

[4]Id. at 5.

[5]Id. at 7.

were dismissed in June of 2019.[6] Public records confirm that charges of theft were filed against Stephens in Harris County Cause No. 1608271 accusing him of stealing one alcoholic beverage.[7] Before releasing Stephens on bond a magistrate judge found that there was probable cause to detain him on the theft charges, and Stephens was later indicted on those charges by a grand jury.[8] The indictment reflects that the charges were enhanced for purposes of punishment as a state jail felony with allegations that Stephens had at least two prior theft convictions from Florida.[9] The charges were subsequently dismissed at the State's request on June 4, 2019, because Stephens had already served 90 days in custody on the theft charge.[10]

Stephens explains that he spent 90 days in custody because his bond was revoked after he failed to appear in court.[11] Arguing that he spent 90 days in custody as the result of a false arrest,

---

[6] Id. at 8.

[7] See Criminal Complaint in Cause No. 1608271, p. 1. All public records referenced in this paragraph of the Memorandum Opinion and Order are available from the Office of the Harris County District Clerk at: http://www.hcdistrictclerk.com (last visited Nov. 30, 2020).

[8] See "Statutory Warnings by Magistrate - Probable Cause for Further Detention - PR Bond/Bail Order," p. 1, and Indictment in Cause No. 1608271, p. 1.

[9] See Indictment in Cause No. 1608271, p. 1.

[10] See State's Motion to Dismiss Cause No. 1608271, p. 1.

[11] Complaint, Docket Entry No. 1, p. 5.

Stephens now seeks compensatory damages for mental anguish, loss of work, and legal fees associated with his 2018 arrest.[12] He also seeks punitive damages.[13]

## II. Discussion

The only defendants named in this case are the City of Houston, HPD, and Harris County Sheriff Ed Gonzalez. To state a claim under 42 U.S.C. § 1983, a plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Stephens does not allege facts showing that Sheriff Gonzalez had any involvement in the arrest that forms the basis of his Complaint. As a result, Stephens fails to state a claim for which relief may be granted against Sheriff Gonzalez.

To the extent that Stephens blames HPD for his false arrest, his claims fail for other reasons. As a subdivision of the City of Houston, HPD lacks capacity and is not subject to suit. See FED. R. CIV. P. 17; Maxwell v. Henry, 815 F. Supp. 213, 215 (S.D. Tex. 1993); see also Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991) (concluding that, as an agency or subdivision of the city, the city police department lacked capacity to be sued as an independent entity); Custer v. Houston Police Dep't, Civil

---

[12] See id.

[13] See id.

Case 4:20-cv-03553   Document 10   Filed on 12/04/20 in TXSD   Page 5 of 7

Action No. H-17-1338, 2017 WL 5484114, at *2 (S.D. Tex. Nov. 15, 2017) (dismissing claims against HPD after finding that it was not a separate legal entity from the City, and did not have the power to sue or be sued). Therefore, any claim against HPD must be dismissed.

Stephens also cannot maintain a claim for municipal liability against the City of Houston based on the facts asserted in the Complaint. It is well established that a municipal entity is not vicariously liable under a theory of respondeat superior for wrongdoing committed by its employees. See Monell v. Dep't of Social Svcs., 98 S. Ct. 2018, 2036 (1978) ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). Stephens does not allege facts showing that his rights were violated as the result of a constitutionally deficient policy that is attributable to the City of Houston. See Peterson v. City of Fort Worth, Texas, 588 F.3d 838, 847 (5th Cir. 2009) ("A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'") (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)). Absent such a showing, Stephens does not state a claim for relief against the City of Houston.

More importantly, Stephens does not demonstrate that his arrest was, in fact, false. To prevail on a claim of false arrest, the plaintiff must show that there was no probable cause to arrest him. See Haggerty v. Texas Southern Univ., 391 F.3d 653, 655 (5th Cir. 2004). The fact that the theft charges against Stephens were dismissed at the State's request after he served 90 days in custody is not proof that the police lacked probable cause for the arrest or that there was insufficient evidence to support the charge.

As noted above, a magistrate judge found probable cause to detain Stephens on the theft charges, and a grand jury returned an indictment against him on those charges. Under these circumstances Stephens cannot prevail on a claim of false arrest. See Gerstein v. Pugh, 95 S. Ct. 854, 865 n.19 (1975) (observing that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause . . ."); see also Russell v. Altom, 546 F. App'x 432, 436-37 (5th Cir. 2013) (per curiam) ("When the facts supporting an arrest 'are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'") (quoting Cuadra v. Hous. Indep. Sch. Dist., 626 F.3d 808, 813 (5th Cir. 2010)).

Because Stephens has failed to state a viable claim upon which relief may be granted, his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

III. **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights filed by Justin Augustus Stephens (Docket Entry No. 1) is **DISMISSED with prejudice.**

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 4th day of December, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE